IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TROY HERD,

    Petitioner,

v.                                                                                                                          No. CIV 08-1040 MCA/LFG

GEORGE TAPIA, Warden , and
GARY K. KING, Attorney General for
the State of New Mexico

    Respondents.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Troy Herd's ("Herd") "Pro Se Petition for a Peremptory Writ of Mandamus" ("Petition"), filed April 22, 2009. [Doc. 15.] The caption of Herd's Petition is a criminal state court proceeding before the Third Judicial District Court in the County of Dona Ana, State of New Mexico (<u>Herd v. State of New Mexico</u>, Cause No. CR 05-884).  While the Petition was docketed in this § 2254 federal court proceeding, it is unclear whether Herd intended to file the Petition in state court or whether he seeks relief from this Court.

In his Petition, Herd contends that on February 24, 2009, he sent a motion for new trial and a motion for evidentiary hearing to the state district court and that "these places" deny having received his motions.  He requests that the two motions be answered in a timely manner. [Doc. 15.]

To the extent that Herd's Petition seeks relief from this Court, the Court is without authority to grant Herd's request.  As an application for writ of mandamus, the Petition does not invoke the Court's subject matter jurisdiction.  The mandamus statute, 28 U.S.C. § 1361, grants this Court the

limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." 28 U.S.C. § 1361. Neither respondent is a person or entity identified in the statute, and the Court has no authority under the statute to consider the relief sought.

In addition, like the petitioner in Stewart v. Hill, 8 F.App'x 894, 895 (10th Cir. 2001), Herd asks this Court to compel a state court to act on motions he purportedly filed or attempted to file in state court. However, "federal courts have no authority to issue a writ of mandamus to a state court." Stewart, 8 F. App'x at 895 (*citing* Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992)). Thus, this Court has no authority to order the state district court in Herd's criminal proceeding to act on motions Herd may have filed in that proceeding.

IT IS THEREFORE ORDERED that Herd's Petition for a Peremptory Writ of Mandamus [Doc. 15] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge